MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

AARON D. WEGNER (CABN 243809)
Assistant United States Attorneys

    450 Golden Gate Ave., Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-7200
    Fax: (415) 436-7234
    E-Mail: aaron.wegner@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | No. CR 10-00385 SI |
| ) | |
| v. ) | UNITED STATES SENTENCING MEMORANDUM |
| ) | |
| HUY TRINH, ) | |
| ) | Date: June 22, 2012 |
| Defendant. ) | Time: 11:00 a.m. |
| ) | Court: Hon. Susan Illston |

On March 23, 2012, the defendant pled guilty to Count One of the Superseding Information charging him with Conspiracy to Manufacture and Distribute Marijuana, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A), and Count Two of the Superseding Information, charging him with Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation o f Title 18, United States Code, Section 924(c). According to the terms of the defendant's plea agreement, the parties agreed that the appropriate sentence in this case is 180 months imprisonment.

GOVERNMENT'S SENTENCING MEMORANDUM
No. CR 10-00385 SI                      -1-

On June 8, 2012, the government received the final Presentence Report ("PSR") in this matter. The probation officer's Guidelines' calculations are correct and the PSR agreed with the parties that a sentence of 180 months imprisonment is appropriate in this case.

## BACKGROUND

The government's investigation into the defendant's marijuana growing operation began in 2008 and concluded with three individuals, including the defendant, being arrested on April 29, 2010. The investigation revealed that the defendant was the mastermind of a marijuana growing operation involving at least six houses around the Bay Area. On April 29, 2010, agents executed federal search warrants on six suspected indoor marijuana grow houses in the Bay Area related to the defendant and his wife Lan Jin. One of the search warrants was executed at the defendant's residence that he shared with Jin at 1816 Acton Street in Berkeley. Inside of the residence, agents found 198 marijuana plants. In a dresser in the defendant's bedroom, agents found a .22 caliber firearm. In the same bedroom, agents found approximately five pounds of processed marijuana in a closet.

## LEGAL STANDARD

Under Ninth Circuit case law, the Court should impose a sentence sufficient, but not greater than necessary, to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2). *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). The Court should begin the process of determining an appropriate sentence by calculating the correct Guidelines range. *Id*.

Although the Guidelines are not binding, they "reflect a rough approximation of sentences that might achieve section 3553(a)'s objectives." *United States v. Rita*, 551 U.S. 338, 350 (2007). The Guidelines range will be the starting point and the initial benchmark for the sentence. *Carty*, 520 F.3d at 991. The Court should keep the Guidelines range in mind throughout the process, allow the parties to argue for a sentence they believe is appropriate, and consider the factors identified in 18 U.S.C. § 3553(a). *Id*.

///

**GUIDELINES CALCULATION**

The parties and the probation officer agree that the defendant's adjusted offense level is 23 and his Criminal History Category is II.  Count One carries a 10-year mandatory minimum prison sentence, while Count Two mandates a five year sentence that must run consecutively to Count One.

**DISCUSSION**

The government encourages the Court to accept the plea agreement signed by the parties, and sentence the defendant to 180 months in prison, which is the mandatory minimum sentence in this case.  Several factors support a 180 month sentence.  As an initial matter, the Court should consider the large amount of drugs involved in this case.  As evidenced by the DEA reports, agents recovered 1,198 marijuana plants from three different residences associated with the defendant.  In addition, the defendant was storing five pounds of processed marijuana in his bedroom closet.  By all accounts, the defendant was mastermind of the marijuana growing operation targeted in this case.

Furthermore, the defendant's possession of a .22 caliber firearm is alarming given his prior criminal history.  In 1991, the defendant was convicted of kidnapping with a firearm in San Francisco Superior Court and was sentenced to nine years imprisonment.  In addition, the defendant has a proclivity for criminal conduct, as shown by his arrest in 2009 for felony drug possession, and investigations targeting his involvement in alien smuggling, prostitution, identity theft, immigration fraud, and loan sharking.  Based on the facts of this case, it is clear that the defendant's prior nine year prison sentence did not deter him from possessing firearms or engaging in other criminal conduct.  When taking these factors into consideration, the government believes that the 180 month sentence set forth in the plea agreement, and mandated by statute, is appropriate and reasonable in this case.

In addition to determining the appropriate sentence in this case, the Court must also decide the proper amount of restitution owed by the defendant.  In his plea agreement, the defendant acknowledged responsibility for an electrical by-pass at 6132 Johnston Drive, in Oakland, one of the marijuana grow sites.  The defendant also acknowledged that a Pacific Gas

and Electric ("PG&E") investigation determined that the retroactive billing for the energy loss due to an electrical by-pass at 6132 Johnston Drive was $71,731.11 from October 21, 2009, to April 29, 2010. In addition, the defendant acknowledged that the charges for the PG&E investigation were $2,594.71 and that the total loss to PG&E attributable to the marijuana grow at his residence was $74,325.82. Based on these admissions, the Court should order the defendant, along with co-defendant Andy Wong, joint and severally, to pay restitution to PG&E in the amount of $74,325.82.

**CONCLUSION**

Based on the foregoing, the Court should impose the mandatory minimum sentence of 180 months imprisonment, five years of supervised release (with conditions to be fixed by the Court), $74,325.82 in restitution, and a $200 special assessment.

DATED: June 14, 2012

Respectfully submitted,

MELINDA HAAG
United States Attorney

_____/s/_____
AARON D. WEGNER
Assistant United States Attorney