RICHARD A. TAMOR
Tamor & Tamor
The Sierra Building
311 Oak Street, Suite 108
Oakland, CA 94607
Tel: 415-655-1969
Fax: 415-887-7658
Email: rtamor@TamorLaw.com

JEFFREY C. HALLAM
Sideman & Bancroft, LLP
One Embarcadero Center, 8th Floor
San Francisco, CA 94111
Tel:  415-392-1960
Fax: 415-392-0827
Email: jhallam@sideman.com

Attorneys for HUY TRINH

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>vs.<br><br>HUY TRINH, et al.,<br><br>Defendants. | Case No.: CR 10-0385 SI<br><br>**DEFENDANT HUY TRINH'S SENTENCING MEMORANDUM**<br><br>DATE:  JUNE 22, 2012<br>TIME:  11:00 A.M.<br>COURT:  HON. SUSAN ILLSTON |

## I. INTRODUCTION

In this drug conspiracy and possession of a firearm in furtherance of a drug conspiracy case, the parties have crafted a Rule 11(C)(1)(c) plea agreement that asks the Court to impose a 180 month sentence based on an adjusted offense level of 23.  In

U.S. v. HUY TRINH, CR-10-0385 SI:  SENTENCING MEMORANDUM

1

recommending a sentence of 180 months, the United States Probation Office took into consideration a variety of factors at play in Mr. Trinh's case, including his family ties, his personal background and characteristics, and the plea agreement. The defense joins in the Probation Officer's recommendation and submits that a 180 month sentence is more than sufficient to adequately impress upon Mr. Trinh the seriousness of his conduct, while addressing some of the sentencing objectives of just punishment, rehabilitation and deterrence as listed in 18 U.S.C. § 3553(a). PSR, Justification, page 2. Sentencing will occur on June 22, 2012. He is 45 years old.

There is no question that Mr. Trinh committed a very serious offense for which the law dictates a harsh penalty. The recommended 180 month sentence imposes severe punishment on this middle aged man, who is a family man with 2 extremely young children: two twin daughters age 5. Mr. Trinh was extremely involved in the rearing of all of his children.

After serving 180 months, Mr. Trinh will be close to 60 years old years old at the time of his release and will have missed all of his daughters' childhood. By the time Mr. Trinh is released from custody, he will have missed the early formative years of his children's lives. Mr. Trinh's wife and elderly mother-in-law will be left with the challenging task of raising two young children.

Mr. Trinh has rejected all rationalizations for his conduct, confessed his wrongdoing openly, and has squarely faced the pain and distress he has caused to his family. He is remorseful for what she has done and is trying to redeem himself.

U.S. v. HUY TRINH, CR-10-0385 SI: SENTENCING MEMORANDUM

2

Under the totality of these circumstances, the sentence of 180 months incarceration, as recommended by the Probation Office, the United States, and the defendant, is sufficient to serve the sentencing goals of 18 U.S.C. § 3553 and the defense asks that the Court impose that sentence.

## II. ARGUMENT

**A. Sentencing Under 18 U.S.C. § 3553.**

After *United States v. Booker,* 543 U.S. 220 (2005), the Court must consider, without preferring any single one factor, the seven factors listed in 18 U.S.C. § 3553 (a) in order to impose a sentence that is "sufficient but not greater than necessary" to achieve the four purposes of sentencing listed in § 3553(a)(2). The seven factors listed in 18 U.S.C. § 3553(a) are:

1. The nature of the offense and the history and characteristics of the defendant;

2. The purposes of sentencing (Retribution; Specific Deterrence; General Deterrence; and Rehabilitation);[1]

3. The kinds of sentences available (i.e. alternatives to prison);

4-5. The Sentencing Guidelines and their Policy Statements (which are, after *Booker,* advisory);

6. Avoiding disparity in treatment of similar offenders; and

7. The need to provide restitution.

U.S. v. HUY TRINH, CR-10-0385 SI:  SENTENCING MEMORANDUM

3

Post-*Booke*r, the Court is obliged to refrain from giving "special weight" to any single factor such as the Guidelines, and even under the Guidelines, the Ninth Circuit has recently made it clear that previously disapproved-of factors such as family ties and responsibilities, (U.S.S.G. § 5H1.6) and socio-economic status, (U.S.S.G.§ 5H1.10) may now be considered. After *Booker*, there is no limitation on the information concerning the background, character, and conduct of the defendant which a court may receive and consider for the purposes of imposing an appropriate sentence. In *United States v. Bragg,* 582 F. 3d 965 (9th Cir. 2009), Judge Noonan observed that in

> [d]eciding this appeal, we take our cue from the sage advice of Justice Stevens speaking for the Court in *Gall v. United States*. Each case of sentencing is a unique case. A human person is being subjected to the force of the state. The sentence cannot be calibrated mechanically by looking at a chart of possible penalties. The district court has discretion to take into consideration all the factors in the record.

582 F.3d at 968 (citations omitted), *see also*, *United States v. Whitehead,* 532 F.3d 991 (9th Cir. 2008) (one theme runs through the Supreme Court's recent sentencing decisions: *Booker* empowered district courts to engage in individualized sentencing).  All of these cases hold that the Court must now consider factors, such as the defendant's family ties, health or age that were effectively precluded from consideration under that mandatory Guidelines regime. 18 U.S.C. § 3661.

**Factor 1. Nature of the Offense and History and Characteristics of the Defendant**

**(a). History and Characteristics of the Defendant**

**(I). Mr. Trinh's Difficult Childhood and Early Adulthood**

As set forth in the PSR, Mr. Trinh had a very difficult childhood. He was born in born in war torn Saigon, Vietnam in 1967, but after having spent one year in arefugee camp in Malaysia, Mr. Trinh, at age of 10, came to the United States with his father. Mr. Trinh had three older brothers, all of whom were killed in the war. Mr. Trinh's aunt and father died before Mr. Trinh was 19 years old. By the time he was 19, all of Mr. Trinh's family had died—he was alone. PSR ¶¶ 48-51. Mr. Trinh dropped out of high school received his GED in 2001. PSR ¶ 59.

None of these circumstances excuses his criminal behavior of course, but they do help to explain how a pattern of family death and under-education could develop such that criminal behavior becomes less easy to avoid. This is what happened to Mr. Trinh. Although she had managed to stay out of trouble as a child, as a teenager and young adult, Mr. Trinh resorted to criminal activity after all his family had died.

**(ii) Family Ties and Responsibilities and Consequences of a 180 Month Sentence to Mr. Trinh and his Family**

Mr. Trinh is the father of two extremely young twin girls: Xin Yi and Xin Yu. PSR ¶ 52. Though Mr. Trinh's wife, Lan Jin, contributes financially as best as she can

to their daughters, they are barely making ends meet. The responsibility for caring for Mr. Trinh's children while he is incarcerated will to fall entirely to Mr. Trinh's wife and mother-in-law. PSR ¶ 54. Mr. Trinh was extremely involved in parenting his daughters and explained at the probation interview that he is extremely concerned for the welfare of his children. He is heartbroken she will have to leave them for 15 years.

Mr. Trinh speaks about wanting to be good for his children and for his wife. Life will be hard for Mr. Trinh's wife and mother-in-law as well as his daughters. Mr. Trinh will not be there to help them through the children's difficult early years.

### (b). Nature of the Offense

This case involved a conspiracy to distribute over 1000 marijuana plants and possessing a firearm in furtherance of that conspiracy. He managed others to grow and distribute marijuana. Mr. Trinh and Mr. Trinh alone bears the responsibility for his conduct. One thing the Court may observe, however, is that there was no violence whatsoever that was alleged or occurred in the offense. The sentence recommended by the probation office more than reflects Mr. Trinh's behavior in this case.

### Factor 2. The Purposes of Sentencing (Retribution; General Deterrence; Specific Deterrence; and Rehabilitation)

### (a). Rehabilitation

With the over 2 years in custody during the pendency of this case, Mr. Trinh is on the first step on the road to rehabilitation. He deeply desires to enter into any program that will allow him to go beyond his GED and then job training that will allow him to be productive once he is released from custody.

### (b). Specific Deterrence

Mr. Trinh will be severely deterred as a result of his conviction and incarceration in this case by being deprived of his wife and children and his liberty for the recommended 180 months.

### (c). General Deterrence

The purpose of general deterrence is to deter others from committing crime. It is inarguable that Mr. Trinh's lengthy sentence is deterrent enough for anyone minded to engage in similar conduct.

### (d). Retribution

Any sentence encompassing 180 months presents severe retribution for Mr. Trinh's crime. In addition, Mr. Trinh has lost all of his savings, is in substantial debt and will have vastly diminished prospects for employment at the end of his federal prison sentence.

### Factors 3-5. The Kinds of Sentences Available and The Advisory Sentencing Guidelines

There is a mandatory minimum 10 year (120 month) custodial sentence for Count One and a mandatory minimum consecutive 5 year (60 month) custodial sentence for Count Two. The parties and the Probation Office agree that Mr. Trinh's adjusted guideline calculation is as follows:

a. Base Offense Level, USSG § 2D1.1(c)(7): 26

b. Acceptance of responsibility: -3

c. Adjusted offense level: 23

With a Criminal History Category score of 2, and because of the mandatory minimums, Mr. Trinh's guideline range is 120 months for Count One and a consecutive 60 month sentence for Count Two. PSR ¶¶ 69-70.

**Factor 6. Avoiding Sentencing Disparity in Treatment of Like Offenders**

Co-defendant Lan Jin was sentenced to 12 months and one day; and co-defendant Andy Wong was sentenced to 24 months. Both of the co-defendants have served their custodial sentences and are under supervised release.

**Factor 7. The Need to Provide Restitution**

There are no issues of restitution in this matter.

///

///

### III. CONCLUSION

For the foregoing reasons, the defense respectfully submits that a sentence of 180 months be imposed on Mr. Trinh as sufficient to fulfill the statutory mandate of 18 U.S.C. § 3553(a).

Mr. Trinh would also respectfully request that this Court recommend to the Bureau of Prisons that he be designated to a facility as close to Berkeley, California as possible so that he can be close to his family.

Mr. Trinh would also respectfully request that the Court order Mr. Trinh to participate in the Bureau of Prisons Residential Drug Abuse Program since there is evidence of Mr. Trinh's drug dependence. PSR ¶ 58.

Dated: June 15, 2012                           Respectfully Submitted,

                                               _____/S/_____
                                               RICHARD A. TAMOR
                                               Attorneys for HUY TRINH