1   MELINDA HAAG (CABN 132612)
    United States Attorney
2
    J. DOUGLAS WILSON (DCBN 412811
3   Chief, Criminal Division

4   AARON D. WEGNER (CABN 243809)
    Assistant United States Attorney
5
        450 Golden Gate Avenue
6       San Francisco, California
        Telephone:  (415) 436-6831
7       Facsimile: (415) 436-6982
        E-Mail: aaron.wegner@usdoj.gov
8
    Attorneys for United States
9

10              UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12                 SAN FRANCISCO DIVISION

13
    UNITED STATES OF AMERICA,        )    No.  CR 10-00385 SI
14                                    )
            Plaintiff,                )
15                                    )    GOVERNMENT'S MOTION FOR ORDER
        v.                            )    TO ABROGATE ATTORNEY-CLIENT
16                                    )    PRIVILEGE; [PROPOSED] ORDER
    HUY TRINH,                        )
17                                    )
            Defendant.                )
18   _____)

19

20

21

22

23

24

25

26

27

28

    MOTION TO ABROGATE ATTORNEY-CLIENT PRIVILEGE; [PROPOSED] ORDER
    CR 10-00385 SI

I. **INTRODUCTION**

On March 23, 2012, in accordance with a plea agreement pursuant to Rules 11(c)(1)(A) and 11(c)(1)(C) of the Federal Rules of Criminal Procedure, Huy Trinh ("Petitioner") entered a guilty plea to one count of conspiracy to manufacture and distribute marijuana and one count of possession of a firearm in furtherance of drug trafficking crime.  On June 22, 2012, Petitioner was sentenced to a prison term of 180 months.  Petitioner was represented in the underlying criminal matter by appointed counsel, Richard Tamor.

Petitioner made a motion pursuant to 28 U.S.C. § 2255, generally alleging ineffective assistance of counsel by his attorney, Richard Tamor.  Petitioner filed his motion on June 5, 2013.  On June 27, 2011, the Court characterized Petitioner's motion as seeking relief under 28 U.S.C. § 2255, and ordered the government to file a response within 90 days.  In order to prepare a thorough response to Petitioner's motion, the United States seeks abrogation of the attorney-client privilege between Petitioner and Mr. Patton so that it may obtain a declaration from Mr. Tamor in connection with the Government's opposition.

II. **ARGUMENT**

In his Section 2255 motion, Petitioner alleges that his constitutional right to effective assistance of counsel was violated by his attorney Richard Tamor.  By raising a Sixth Amendment claim of ineffective assistance of counsel, Petitioner has waived the attorney-client privilege as to the matters raised in his Section 2255 motion.  "It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003); *accord Osband v. Woodford*, 290 F.3d 1036, 1042 (9th Cir. 2002) (stating that "a petitioner in a habeas corpus action who raises a Sixth Amendment claim of ineffective assistance of counsel waives the attorney-client privilege as to the matters challenged").

This Court has authority to direct Mr. Tamor to provide information to the Government relevant to Petitioner's ineffective assistance of counsel claims. *See Zabala v. United States*, 962 F.Supp. 244, 248 (D. Puerto Rico 1997) (directing respondent to "include a statement by

MOTION TO ABROGATE ATTORNEY-CLIENT PRIVILEGE; [PROPOSED] ORDER
CR 10-00385 SI                          1

1  petitioner's former counsel as to the circumstances surrounding the decision to forego the filing

2  of an appeal"); *Harrelson v. United States*, 967 F.Supp. 909, 914-15 (W.D. Tex. 1997) ("the

3  former defense attorney may execute and furnish to the Government for submission to the Court

4  a detailed affidavit outlining the scope of said counsel's pretrial investigation, the information the

5  attorney developed prior to trial, and the rationale behind said counsel's tactical decisions, such

6  as whether to present certain evidence or witnesses and whether to pursue certain defense

7  strategies as opposed to others"); *see also United States v. Emery*, 258 F.Supp. 2d 1021, 1025

8  (W.D. Mo. 2003) (considering trial counsel's affidavit in resolving a petitioner's ineffective

9  assistance of counsel claim).

10        The government cannot protect this prosecution against Petitioner's allegations of

11  ineffective assistance of counsel against Mr. Tamor without obtaining information from

12  Mr. Tamor that would clearly refute those claims.  "The rule that a litigant waives the attorney-

13  client privilege by putting the lawyer's performance at issue" is known as the "fairness principle"

14  – and "is often expressed in terms of preventing a party from using the privilege as both a shield

15  and a sword."  *Bittaker v. Woodford*, 331 F.3d 715, 718-719 (9th Cir. 2003).  As the Ninth

16  Circuit recognized, "in practical terms, this means that parties in litigation may not abuse the

17  privilege by asserting claims the opposing party cannot adequately dispute unless it has access to

18  the privileged materials."  *Id.* at 719, citing *Chevron v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th

19  Cir. 1992) ("The privilege which protects attorney-client communications may not be used both

20  as a sword and a shield.").

21        For the United States to be able to prepare its opposition to defendant's Section 2255

22  motion, it will need to discuss the matters raised in Petitioner's motion with Richard Tamor and

23  obtain a declaration and other relevant evidence from him.  Accordingly, the United States

24  hereby moves for an order to abrogate the attorney-client privilege between Petitioner and Mr.

25  Tamor as to the matters raised in Petitioner's Section 2255 motion.

26  **III.    <u>CONCLUSION</u>**

27        For the reasons set forth above, the United States requests an order abrogating the

28  attorney-client privilege between Petitioner and Mr. Tamor as to the matters raised in Petitioner's

MOTION TO ABROGATE ATTORNEY-CLIENT PRIVILEGE; [PROPOSED] ORDER
CR 10-00385 SI                          2

Section 2255 motion, and directing Mr. Tamor to provide the Government with a declaration regarding the matters raised in the 2255 motion.

DATED: August 22, 2013                    Respectfully submitted,

MELINDA HAAG
United States Attorney


_____/s/_____
AARON D. WEGNER
Assistant United States Attorney

**[PROPOSED] ORDER**

Petitioner Huy Trinh entered a guilty plea to one count of conspiracy to manufacture and distribute marijuana and one count of possession of a firearm in furtherance of a drug trafficking crime and was sentenced to 180 months in prison.  Subsequently, Petitioner filed a motion under 28 U.S.C. § 2255 alleging a claim of ineffective assistance of counsel.  Richard Tamor represented Petitioner in the underlying criminal matter.  The Court set a briefing schedule directing Respondent to file a response to the motion.

Respondent now moves the Court for an Order abrogating the attorney-client privilege so that the Government may prepare its response, for which it will need to communicate with Mr. Tamor and obtain a declaration from him.  "It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003); *accord Osband v. Woodford*, 290 F.3d 1036, 1042 (9th Cir. 2002) ("a petitioner in a habeas corpus action who raises a Sixth Amendment claim of ineffective assistance of counsel waives the attorney-client privilege as to the matters challenged").

Accordingly, IT IS HEREBY ORDERED THAT:

1.      Respondent's motion to abrogate the attorney-client privilege between Petitioner and Mr. Tamor is GRANTED., as to the matters challenged.

2.      Richard Tamor shall respond to Respondent's inquiries pertaining to Petitioner's motion under 28 U.S.C. § 2255.  Richard Tamor shall provide Respondent with an affidavit and with discovery relevant to said motion.

IT IS SO ORDERED.


8/26/13                                                _____
Date                                                   HON. SUSAN ILLSTON
                                                       United States District Judge

CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee of the office of the United States Attorney, Northern District of California and is a person of such age and discretion to be competent to serve papers.  The undersigned certifies that she caused a copy of the

**GOVERNMENT'S MOTION FOR ORDER**
**TO ABROGATE ATTORNEY-CLIENT PRIVILEGE; [PROPOSED] ORDER**

in the case of **UNITED STATES V. HUY TRINH,** CR-10-00385 SI**,** to be served on the party in this action, by placing a true copy thereof in a sealed envelope, addressed as follows which is the last known address:

> Huy Trinh
> 14625-111
> FCI Herlong
> Federal Correctional Institution
> P.O. Box 800
> Herlong, CA 96113

_____ (By Personal Service), I caused such envelope to be delivered by hand to the person or offices of each addressee(s) above.

_____ (By Facsimile), I caused each such document to be sent by Facsimile to the person or offices of each addressee(s) above.

  X  (By Mail), I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Oakland, California.

_____ (By Fed Ex), I caused each such envelope to be delivered by FED EX to the address listed above.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:    August 22, 2013

Jeanne Carstensen
Legal Assistant