k

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HUY TRINH,

              Petitioner,

    v.

UNITED STATES OF AMERICA,

              Respondent.

Case No. 10-cr-00385-SI-1

**ORDER DENYING MOTION TO VACATE UNDER 28 U.S.C. § 2255; DENYING MOTION FOR DISCOVERY; DENYING MOTION TO SUPPLEMENT; DENYING CERTIFICATE OF APPEALABILITY**

Re: Dkt. Nos. 159, 162 , 164 , 211 , 212

Petitioner Huy Trinh, an inmate at the Federal Correctional Institution in Safford, Arizona, filed this *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Petitioner also filed a motion for leave of the Court to conduct discovery, and a motion to supplement the § 2255 motion to assert new claims.  For the reasons discussed below, the motions are DENIED, and the Court DENIES a certificate of appealability.

## BACKGROUND

**I.**    **Factual background**

Petitioner was the subject of a government investigation that began in 2008.  Dkt. 1, Complaint, 1.  Government agents believed that petitioner ran a marijuana growing operation in the San Francisco Bay Area.  Dkt. 170, Government's Opposition ("Gov.'s Opp'n"), 1.  On April 29, 2010, agents executed federal search warrants on six suspected indoor marijuana grow houses. Complaint at 1.  As a result of the search, agents found 1,198 marijuana plants.  Dkt. 142, Plea Agreement, 3.  In one of the houses, which was occupied by petitioner and his wife, Lan Jin,

agents discovered a semi-automatic pistol loaded with eight rounds in the magazine under a dresser in what appeared to be the petitioner's bedroom. Complaint at 1. In a hidden compartment in the same dresser, agents found what appeared to be a silencer that fit onto the semi-automatic pistol. *Id*. That same day, agents arrested petitioner, Lan Jin, and co-defendant Andy Wong for participating in the marijuana growing operation. *Id*. at 1-2.

On May 11, 2010, a federal grand jury returned an indictment with the following charges against petitioner: count one for conspiracy to manufacture, to possess with intent to distribute, and to distribute marijuana, in violation of 18 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)(vii); counts two and three for manufacture and possession with intent to distribute marijuana, in violation of 18 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vii); count four for possession of a firearm equipped with a silencer in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(B)(ii); count five for felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1); and count six for possession of an unregistered National Firearms Act firearm, in violation of 26 U.S.C. § 5861(d). Dkt. 20, Indictment.

On March 21, 2012, the government filed a superseding information charging petitioner with one count of conspiracy to manufacture and distribute marijuana and one count of possession of a firearm in furtherance of a drug trafficking crime. Dkt. 137, Superseding Information, 1-2. On March 23, 2012, petitioner entered into a binding plea agreement with the government pursuant to Federal Rules of Criminal Procedure 11(c)(1)(A) and 11(c)(1)(C), and pled guilty to both counts in the superseding information. Plea Agreement at 1-4. Under the terms of the plea agreement, petitioner waived both his right to appeal and to collaterally attack his conviction and sentence, with the exception of preserving a claim that his constitutional right to effective assistance of counsel was violated during the negotiation of his plea agreement. *Id*. at 4. The parties agreed that a reasonable and appropriate disposition of the case under the Sentencing Guidelines and 18 U.S.C. § 3553(a) was a sentence of 180 months imprisonment, followed by five years of supervised release. Dkt. 149, Judgment, 2-3. On June 22, 2012, petitioner was sentenced according to the terms of the plea agreement. Dkt. 147, Minute Entry for Sentencing Proceedings.

United States District Court
Northern District of California

## II.      Procedural background

Petitioner now brings the present motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, alleging that his counsel rendered ineffective assistance during plea negotiations, thus making petitioner's consent to the plea agreement involuntary, and that counsel was ineffective for failing to challenge jurisdiction.  Dkt. 162, Motion Submitted Under Rule 7 of the Rules Governing § 2255 Brought in Support of Motion Under § 2255 ("Pet.'s Mot.").

Petitioner's § 2255 motion also alleged that his counsel rendered ineffective assistance by failing to file an appeal. Petitioner alleged that he asked his lawyer to file an appeal, notwithstanding his waiver of his right to appeal in his plea agreement, and that counsel failed to do so.  Dkt. 162 at 22.  Defense counsel denied petitioner's allegations and stated that "at no time prior, during, or after sentencing did petitioner instruct counsel to file an appeal."  Dkt. 170, Ex. 4. On April 14, 2014, the Court issued an Order of Referral to Magistrate Judge for Appointment of Counsel and Evidentiary Hearing.  Under Ninth Circuit law, an evidentiary hearing is necessary to determine whether petitioner made such a request.  *See United States v. Sandoval-Lopez*, 409 F.3d 1193, 1198 (9th Cir. 2005).

In an order filed April 22, 2014, Magistrate Judge Laporte issued an Order for Appointment of Counsel for the limited purpose of representing petitioner on his claim that counsel failed to file an appeal, and set a status conference to address the further proceedings necessary to resolve that claim.  Judge Laporte held a status conference on May 23, 2014, and set the evidentiary hearing for July 30, 2014.  The parties filed briefs in preparation for the evidentiary hearing.  *See* Dkt. 202, 203.  On July 29, 2014, petitioner filed a notice withdrawing his claim that defense counsel provided ineffective assistance by failing to file an appeal.  Dkt. 205.  As a result, the evidentiary hearing was vacated.  Petitioner also requested that the Court stay this case for 90 days in order to allow petitioner time to return to his designated facility, and to prepare any further filings in this case.  The Court granted petitioner's request in an order filed August 6, 2014.  In that order, the Court noted that the briefing on petitioner's § 2255 motion was complete, and thus it was unclear what further filings petitioner intended to file.  Dkt. 208.

United States District Court
Northern District of California

On October 28, 2014, petitioner filed a motion for leave to file a supplement to the § 2255 motion. Petitioner wishes to assert a new claim based on *Bond v. United States*, 134 S. Ct. 2077 (2014). In *Bond*, the Supreme Court held that the federal Chemical Weapons Convention Implementation Act of 1998, which makes it a federal crime for a person to use or possess any chemical weapon, did not reach "a purely local crime: an amateur attempt by a jilted wife to injure her husband's lover, which ended up causing only a minor thumb burn readily treated by rinsing with water." *Id*. at 2083. Petitioner asserts that his counsel was ineffective for failing to challenge federal jurisdiction in this case, based upon the authority cited in *Bond*. The Court finds petitioner's arguments lack merit, as there is no question that there is federal jurisdiction over the drug and firearm charges at issue in this case. In any event, petitioner's new argument based on *Bond* is simply a different version of the jurisdictional claims that petitioner raised in his § 2255 motion, and which are addressed *infra*. Petitioner's October 28, 2014 motion also seeks to raise another jurisdictional claim, namely that the government failed to charge and prove petitioner's connection to interstate commerce as an element of the charged crimes. Again, this is simply a different version of the jurisdictional claims that petitioner alleged in his § 2255 motion, and which are addressed *infra*. The Court finds that there is no good cause to allow petitioner to supplement the § 2255 motion, and that in any event, supplementation would be futile because petitioner's proposed new claims lack merit.

## STANDARD OF REVIEW

A prisoner in custody under sentence of a federal court who wishes to attack collaterally the validity of his conviction or sentence must do so by filing a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 in the court which imposed the sentence. 28 U.S.C. § 2255(a). Under 28 U.S.C. § 2255, the federal sentencing court is authorized to grant relief if it concludes that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." *See Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988). If the court finds that relief

4

1    is warranted under § 2255, it must "vacate and set the judgment aside" and then do one of four

2    things: "discharge the prisoner or resentence him or grant a new trial or correct the sentence as

3    may appear appropriate."  28 U.S.C. § 2255(b); *United States v. Barron*, 172 F.3d 1153, 1157 (9th

4    Cir. 1999).

5

6                                        **DISCUSSION**

7            In his § 2255 motion, petitioner asserts that counsel was ineffective for the following

8    reasons: (1) counsel gave incorrect advice regarding petitioner's possible sentence; (2) counsel

9    failed to challenge jurisdiction for the firearm charges; and (3) counsel failed to challenge

10   jurisdiction for the drug charges.[1]  Petitioner further asserts that he might have received a more

11   favorable sentence if he had taken his case to trial or if his lawyer had been more diligent in plea

12   negotiations.  For the reasons discussed below, the Court denies petitioner's section 2255 motion.

13           To succeed on an ineffective assistance of counsel claim, petitioner must satisfy the two-

14   pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), which requires him

15   to show deficient performance and prejudice.  Deficient performance requires a showing that

16   counsel's representation fell below an objective standard of reasonableness as measured by

17   prevailing professional norms.  *See Wiggins v. Smith*, 539 U.S. 510, 521 (2003).  To establish

18   prejudice, petitioner must demonstrate a reasonable probability that "but for counsel's

19   unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466

20   U.S. at 694.  Judicial scrutiny of counsel's performance must be highly deferential, and a court

21   must apply a strong presumption that counsel's conduct falls within the wide range of reasonable

22   professional assistance.  *Id*. at 669.  Reasonableness is assessed, not based on what defense

23   counsel could have done, but rather on whether the choices that defense counsel made were

24   reasonable in light of all attendant circumstances.  *See Babbitt v. Calderon*, 151 F.3d 1170, 1173

25   (9th Cir. 1998).

26

27

28   ───────────────
     [1]   As discussed *supra*, petitioner also alleged that defense counsel was ineffective because he
     failed to file notice of appeal.  The Court does not address this claim, as it has been withdrawn.

United States District Court
Northern District of California

**I.**      **Counsel's Advice Regarding Sentencing**

Petitioner contends that counsel was ineffective during plea negotiations because counsel advised petitioner that he faced a potential sentence of sixty years if convicted on all counts in the indictment, thereby inducing petitioner to accept a plea offer of fifteen years.  Pet.'s Mot. at 7.[2] Petitioner claims that counsel failed to challenge the legal basis for counts four and six of the indictment, and that these counts should not have been included in counsel's calculations regarding potential sentencing.   Because petitioner cannot show that counsel's advice was objectively unreasonable or prejudicial, he fails to meet the standard for ineffective assistance of counsel.  *See Strickland*, 466 U.S. at 690-99.

Petitioner first contends that counsel failed to argue that there was no legal basis for count four, which charged him with violating 18 U.S.C. § 924(c)(1)(B)(ii) due to his possession of a firearm equipped with a silencer in furtherance of a drug trafficking crime.  Pet.'s Mot. at 6-8. The indictment states that petitioner faced a thirty-year mandatory minimum sentence if convicted on count four.  Indictment at 2-3.  Petitioner argues that the silencer discovered in his dresser was not attached to the firearm discovered in the same dresser, and therefore did not play a role in the drug offense.  Pet.'s Mot. at 6-8.  To support his claim, petitioner relies on *United States v. Thompson*, 82 F.3d 849, 853 (9th Cir. 1986).  In *Thompson*, the Ninth Circuit held that the silencer needed to be attached to the firearm for the defendant to be convicted of using a firearm equipped with silencer during and in relation to the drug trafficking crime.  *Id.*  Therefore, petitioner claims that counsel's sentencing advice was incorrect because the thirty-year sentence should not have been included in counsel's sentencing calculations.  Pet.'s Mot. at 4-16.  Petitioner claims that counsel's advice induced him to accept a plea offer of fifteen years, rather than taking his case to trial or arguing for a shorter sentence.

Counsel's decision not to challenge count four by raising the aforementioned arguments is neither unreasonable nor prejudicial to petitioner.  In *Thompson*, the government was required to

---

[2]    In actuality, as the government notes, petitioner faced up to life in prison on count one, up to life in prison on count four, and an additional 60 years on the remaining three counts of the indictment.

United States District Court
Northern District of California

prove that a silencer was attached to the firearm used in the offenses because the defendant was charged with using a firearm equipped with a silencer during a shooting that related to a drug offense. 82 F.3d at 851-52. Here, however, petitioner was charged with possession, as opposed to use, of a firearm equipped with a silencer. Indictment at 2. The word "possess" was inserted into the language of § 924(c) to extend criminal liability to instances where the defendant possesses a firearm equipped with a silencer in furtherance of a drug offense. Criminal Use of Guns Act of Nov. 13, 1998, Pub. L. No. 105-386, 112 Stat. 3469 (codified as amended at 18 U.S.C. § 924(c)). If petitioner had taken this issue to trial and the government prevailed, petitioner would have been given the mandatory thirty-year sentence. *See United States v. Rodriguez*, 841 F. Supp. 79, 85 (E.D.N.Y. 1994), *aff'd*, 53 F.3d 545 (2d Cir. 1995); *see also United States v. Charles*, 469 F.3d 402, 407-08 (5th Cir. 2006). Thus, it was not objectively unreasonable, much less professionally incompetent, for counsel to advise petitioner of this possibility. *See Strickland*, 466 U.S. at 690-699; *see also United States v. Signori*, 844 F.2d 635, 638 (9th Cir. 1988) ("A defendant who pleads guilty upon the advice of counsel may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the range of competence demanded of attorneys in criminal cases.").

Petitioner next argues that counsel was ineffective for advising petitioner that he faced a ten-year sentence if convicted of count six of the indictment for possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d). Pet.'s Mot. at 14. Petitioner argues that count six was legally flawed because the device found in his dresser was a muffler, rather than a silencer, and therefore not required to be registered under 26 U.S.C. § 5861(d). Petitioner offers no factual support for this allegation. Furthermore, petitioner's conclusory allegation conflicts with the FBI laboratory report, which identified the device as a "Q1 silencer" that was "designed to silence or diminish the report of a firearm." Gov.'s Opp'n Ex. 3. Finally, § 5861(d) does not differentiate between a silencer and a muffler; that statute makes it unlawful to receive or possess an unregistered firearm. 26 U.S.C. § 5861(d). Given the lack of factual support and the evidence contradicting petitioner's claims, counsel was not objectively unreasonable in failing to raise this issue, and petitioner has not shown that he suffered prejudice on account of counsel's performance

1  in this regard.  *See Strickland*, 466 U.S. at 690-699; *see also Miller v. Keeney*, 882 F.2d 1428,

2  1433 (9th Cir. 1989).

3

4  **II.    Failure to Challenge Jurisdiction for Firearm Charges**

5          Petitioner contends that counsel was ineffective for failing to advise him that the

6  indictment was defective because the district court lacked jurisdiction over the firearm offenses.

7  Pet.'s Mot. at 8-16.  Petitioner asserts that the firearm offenses were not "federally cognizable"

8  because the record does not show that California "ceded exclusive or concurrent criminal

9  legislative jurisdiction to the federal government over the locus of the  crime, and the acceptance

10  thereof by the United States pursuant to . . . the Constitution of the United States."  Pet.'s Mot. at

11  10.  Petitioner is incorrect.  District courts have the authority to hear criminal cases involving "all

12  offenses against the laws of the United States."  18 U.S.C. § 3231; *see also Lamar v. United*

13  *States*, 240 U.S. 60, 65 (1916).   Furthermore, Congress maintains the authority to regulate

14  firearms that travel through interstate commerce.  *See, e.g., United States v. Rousseau*, 257 F.3d

15  925, 932 (9th Cir. 2001) ("[W]e hold that section 922(g)(1) is constitutional on its face and as

16  applied."); *United States v. Polanco*, 93 F.3d 555, 563 (9th Cir. 1996) ("18 U.S.C. § 922(g)(1) is a

17  valid exercise of Congress' Commerce Clause power."); *United States v. Andaverde*, 64 F.3d

18  1305, 1310 (9th Cir. 1995) ("Congress may regulate possession of firearms [by felons] without

19  violating the Tenth Amendment.").   Because petitioner's challenge to the Court's jurisdiction

20  lacks merit, counsel was not ineffective for failing to raise it as an issue.  *See Boag v. Raines*, 769

21  F.2d 1341, 1344 (9th Cir. 1985) (holding that failure to raise meritless arguments does not

22  constitute ineffective assistance of counsel).    Because petitioner fails to show deficient

23  representation, the Court need not address the second prong of the *Strickland* test.  *See Siripongs*

24  *v. Calderon*, 133 F.3d 732, 737 (9th Cir. 1998) (holding that it is unnecessary for a federal court

25  considering a habeas ineffective assistance claim to address the prejudice prong of the Strickland

26  test if the petitioner cannot establish incompetence under the first prong.).

27

28

**III.     Failure to Challenge Jurisdiction for Drug Charges**

Petitioner claims that counsel was ineffective for failing to challenge the Court's jurisdiction over the drug charges.  Petitioner contends that (i) counsel should have informed petitioner that the indictment was defective because it did not provide notice of the commerce element of the drug charges; (ii) counsel failed to seek an exemption from the drug charges based on petitioner's California marijuana cultivation license; and (iii) counsel failed to use a statement made by defendant Andy Wong to renegotiate petitioner's plea.  Petitioner further requests that this Court authorize him to move for discovery to obtain "documents in the government's files" that support his aforementioned contentions.  Because petitioner has not demonstrated that counsel's failure to advance these arguments was objectively unreasonable, petitioner does not meet the standard for ineffective counsel.  *See Strickland*, 466 U.S. at 690-699.  Accordingly, the Court does not find good cause for granting petitioner's request for discovery.

**A.     Defective Indictment**

Petitioner first claims that counsel was ineffective for failing to inform him that the indictment was defective because it did not provide notice of the commerce element of the drug charges.  Pet.'s Mot. at 17.  Petitioner's contention lacks merit.  The indictment properly complied with Rule 7 of the Federal Rules of Criminal Procedure, as it provided a clear and definite statement of the essential facts and nature of the charges, as well as the statutory basis for each charge.  Fed. R. Crim. P. 7.  Accordingly, counsel was not objectively unreasonable for failing to raise this argument.  *See Boag v. Raines*, 769 F.2d at 1344.

**B.     Exemption From Drug Charges**

Petitioner next contends that counsel was ineffective for failing to seek an exemption under 21 U.S.C. § 802(15) from the drug charges based on petitioner's California marijuana cultivation license.  Pet.'s Mot. at 20.   21 U.S.C. § 802(15) provides,

(15) The term "manufacture" means the production, preparation, propagation, compounding, or processing of a drug or other substance, either directly or indirectly or by extraction from

9

1
2
3
4
5

> substances of natural origin, or independently by means of chemical synthesis or by a combination of extraction and chemical synthesis, and includes any packaging or repackaging of such substance or labeling or relabeling of its container; except that such term does not include the preparation, compounding, packaging, or labeling of a drug or other substance in conformity with applicable State or local law by a practitioner as an incident to his administration or dispensing of such drug or substance in the course of his professional practice. The term "manufacturer" means a person who manufactures a drug or other substance.

6  21 U.S.C. § 802(15).  Petitioner contends that the marijuana plants found at his residence were

7  grown pursuant to petitioner's medical marijuana license, and thus that those plants were grown in

8  conformity with applicable state law under 21 U.S.C. § 802(15), and petitioner should not have

9  been charged with respect to those plants.

10        Petitioner's claim lacks merit.  Congress has authority under the commerce clause to

11  criminalize the manufacture, distribution, or possession of marijuana to intrastate growers and

12  users of marijuana for medical purposes, regardless of contrary state laws.  *See Gonzales v. Raich*,

13  545 U.S. 1, 29, (2005) ("[L]imiting the activity to marijuana possession and in accordance with

14  state law cannot serve to place respondents' activities beyond congressional reach").  Furthermore,

15  section 802 does not exempt petitioner because petitioner is not a "practitioner" as defined by the

16  statute.  21 U.S.C. § 802 ("'[P]ractitioner' means a physician, dentist, veterinarian, scientific

17  investigator, pharmacy, hospital, or other person licensed . . . or otherwise permitted, by the

18  United States . . . to distribute . . . a controlled substance in the course of professional practice")

19  (emphasis added).  Therefore, counsel was not unreasonable for choosing not to challenge federal

20  jurisdiction.  *See also Gonzalez v. Knowles*, 515 F.3d 1006, 1017 (9th Cir. 2008) ("[C]ounsel

21  cannot be deemed ineffective for failing to raise [a] meritless claim.").

22

23        **C.      Statement By Andy Wong**

24        Petitioner also contends that counsel was ineffective because counsel failed to use a

25  statement by defendant Andy Wong to renegotiate petitioner's plea.  Pet.'s Mot. at 20-21.

26  Petitioner states:

27        > Andy Wong, in accepting the government's plea offer, had initially
28        > implicated Movant and Movant's wife . . . However, on or about
        > April 20, 2011, Andy Wong sent a declaration to defense counsel,

10

United States District Court
Northern District of California

> asserting that he was unaware of the language in the plea agreement that implicated Movant and Movant's wife, and refuted any assertion that they had assisted him with cultivating the marijuana plants recovered at 6132 Johnston Drive, Oakland California.

*Id*.  Wong's declaration retracted all language in his plea agreement implicating petitioner with the drugs found in one of the grow houses.  *Id*. Ex. E.  However, in petitioner's own plea agreement, petitioner expressly admitted that he operated and managed several marijuana grow houses, including the grow house that Wong's declaration discusses.  Plea Agreement at 3.  Counsel's decision to not use Wong's declaration was not objectively unreasonable, and petitioner has not shown that it would have affected the outcome.  *See Strickland*, 466 U.S. at 687-89.

### C.    Petitioner's Request for Discovery

The Court does not find good cause for granting petitioner's motion for discovery.  In his discovery motion, petitioner requests any documents in the government's files relating to California marijuana cultivation licenses issued to petitioner and various individuals.   Docket No. 164.  A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course.  *See Bracy v. Gramley*, 520 U.S. 899, 904 (1997).  However, the Court "may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery."  Rule 6(a) of the Federal Rules Governing Section 2254 Cases, 28 U.S.C. § 2254.  Because the Court finds that petitioner's claims lack merit, the Court finds that there is no good cause for the discovery sought.

### CONCLUSION

For the foregoing reasons, the 28 U.S.C. section 2255 petition for a writ of habeas corpus is DENIED.  See 28 U.S.C. § 2253(c)(1)(B).  The Court DENIES a certificate of appealability, finding that this is not a case in which reasonable jurists would find this Court's assessment of the constitutional claims debatable or wrong.

**IT IS SO ORDERED**.

Dated:  November 26, 2014

_____
SUSAN ILLSTON
United States District Judge

United States District Court
Northern District of California