UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

HUY TRINH,

Defendant.

Case No. 10-cr-00385-SI-1

**ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE**

Re: Dkt. Nos. 230, 233

Now before the Court is defendant Huy Trinh's motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines ("U.S.S.G."). For the reasons set forth below, the Court DENIES the motion.

## BACKGROUND

On March 21, 2012, the government filed a superseding information charging defendant with one count of conspiracy to manufacture and distribute marijuana and one count of possession of a firearm in furtherance of a drug trafficking crime. Dkt. No. 137, Superseding Information, 1-2. On March 23, 2012, defendant entered into a binding plea agreement with the government pursuant to Federal Rules of Criminal Procedure 11(c)(1)(A) and 11(c)(1)(C), and pled guilty to both counts in the superseding information. Dkt. No. 142.

The parties and the U.S. Probation Office agreed that defendant's adjusted guideline calculation was as follows:

a. Base Offense Level, USSG § 2D1.1(c)(7): 26

b. Acceptance of responsibility: -3

c. Adjusted offense level: 23

Count One had a mandatory minimum 10 year (120 month) custodial sentence and Count Two had a mandatory minimum consecutive 5 year (60 month) custodial sentence.  With a criminal history category score of 2, and because of the mandatory minimums, defendant's guideline range was 120 months for Count One and a consecutive 60 month sentence for Count Two.  Accordingly, the parties agreed that a reasonable and appropriate disposition of the case under the Sentencing Guidelines and 18 U.S.C. § 3553(a) was a sentence of 180 months imprisonment, followed by five years of supervised release.  Dkt. No. 149, Judgment, 2-3.  On June 22, 2012, defendant was sentenced according to the terms of the plea agreement.  Dkt. No. 147, Minute Entry for Sentencing Proceedings.

Defendant previously filed a *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, alleging that his counsel rendered ineffective assistance.  In an order filed November 26, 2014, the Court denied that motion and denied a certificate of appealability.  Dkt. No. 213.  On December 9, 2015, the Ninth Circuit Court of Appeals denied a certificate of appealability.  Dkt. No. 228.

On August 29, 2016, defendant moved for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the U.S.S.G.  Dkt. No. 230. On September 12, 2016, U.S. Probation filed a Sentence Reduction Investigation Report that stated that because defendant's original sentence was the statutory mandatory minimum (120 months on Count One), defendant's sentence could not be reduced pursuant to 18 U.S.C. § 3582(c)(2).  *See* Dkt. No. 232 at 2.  For that reason, the U.S. Probation Office recommended against granting the motion.  *Id.*

## LEGAL STANDARD

18 U.S.C. § 3582(c)(2) authorizes district courts, in some circumstances, to modify an imposed sentence in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.  *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013); *see also* 28 U.S.C. § 994(o).

The United States Supreme Court has interpreted 18 U.S.C. § 3582(c)(2) as establishing a

2

two-step inquiry.  *Dillon v. United States*, 560 U.S. 817, 826-27 (2010).  First, the Court must determine if a defendant is eligible for a sentence reduction based on a guideline that has been lowered by the Sentencing Commission after the date defendant was sentenced.  28 U.S.C. §§ 994(o), (u).  On November 1, 2014, Amendment 782 to the U.S.S.G. became effective.  The Sentencing Commission provided that Amendment 782 would apply retroactively to previously-sentenced defendants.  U.S.S.G. §§ 1B1.10(d), (e)(1).  Amendment 782 reduced by two levels some, but not all, of the base offense levels in the Drug Quantity Tables at U.S.S.G. §§ 2D1.1 and 2D1.11.

Second, the Court must consider whether a reduction is warranted pursuant to the sentencing factors set forth in 18 U.S.C. § 3553(a).  U.S.S.G. § 1B1.10 Commentary, Application Note 1(B)(i)-(iii); *Dillon*, 560 U.S. at 826-28.

# DISCUSSION

"When the Commission makes a Guidelines amendment retroactive, 18 U.S.C. § 3582(c)(2) authorizes a district court to reduce an otherwise final sentence that is based on the amended provision.  Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission."  *Dillon*, 560 U.S. at 821.  The relevant policy statement, USSG § 1B1.10, precludes a court from reducing a sentence "to a term that is less than the minimum of the amended guidelines range" except in limited circumstances not applicable here.  Because the Court sentenced defendant to the statutory mandatory minimum, defendant is not eligible for a reduction in his sentence, and accordingly defendant's motion is DENIED.

On October 11, 2016, defendant filed a letter to Court requesting that, as a matter of leniency, the Court alter defendant's sentence such that his consecutive sentences would run concurrently.  "[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon*, 560 U.S. at 824.  These limited circumstances are not present here, and Court does not have the authority to convert defendant's sentence.  The Court encourages defendant to continue to work on his rehabilitation and pursue the GED program that defendant mentioned in his letter.

United States District Court
Northern District of California

**CONCLUSION**

For the foregoing reasons, the Court DENIES defendant's motion to reduce his sentence.

**IT IS SO ORDERED**.

Dated: October 13, 2016

_____
SUSAN ILLSTON
United States District Judge

United States District Court
Northern District of California