UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>HUY TRINH,<br><br>    Defendant. | Case No. 10-cr-00385-SI-1<br><br>**ORDER DENYING DEFENDANT TRINH'S "MOTION FOR HARDSHIP CREDIT FOR HARD-TIME SERVED"**<br><br>Re: Dkt. No. 235 |

On March 20, 2017, defendant Huy Trinh filed a *pro se* "motion for hardship credit for hard-time served." Dkt. No. 235. The Court set a briefing schedule, under which defendant's reply brief was originally due April 18, 2017. The Court granted the government an extension of time to file the opposition (which moved the deadline for the reply to April 26, 2017), and then granted defendant's request for a further extension, to May 12, 2017.

On May 15, 2017, the Court received defendant's second request for an extension of time to file the reply.[1] The Court finds that defendant has not demonstrated good cause for a further extension of time, and DENIES the request. The Court will resolve defendant's motion for "hardtime credit" based upon the motion, opposition, and the docket in this case. For the reasons set forth below, the Court DENIES defendant's motion.

**BACKGROUND**

On April 29, 2010, agents executed federal search warrants on six suspected indoor

---

[1] On that same day, the Court received a "notice of appeal" filed by defendant, purporting to appeal the Court's denial of the "motion for hardship credit for hard-time served." However, as of May 15, the Court had not yet ruled on defendant's motion, and thus defendant's notice of appeal is premature.

marijuana grow houses. Dkt. No. 1 at 1. As a result of the search, agents found 1,198 marijuana plants. Dkt. No. 142 at 3. In one of the houses, which was occupied by defendant and his wife, Lan Jin, agents discovered a semi-automatic pistol loaded with eight rounds in the magazine under a dresser in what appeared to be the defendant's bedroom. Dkt. No. 1 at 1. In a hidden compartment in the same dresser, agents found what appeared to be a silencer that fit onto the semi-automatic pistol. *Id*. That same day, agents arrested defendant, Lan Jin, and co-defendant Andy Wong for participating in the marijuana growing operation. *Id*. at 1-2.

Defendant initially appeared before the Court on April 30, 2010. Dkt. No. 2. On May 7, 2010, Magistrate Judge Spero ordered defendant detained pretrial, finding defendant was a danger to the community and a flight risk. Dkt. Nos. 12, 17.

On May 11, 2010, a federal grand jury returned an indictment with the following charges against defendant: count one for conspiracy to manufacture, to possess with intent to distribute, and to distribute marijuana, in violation of 18 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)(vii); counts two and three for manufacture and possession with intent to distribute marijuana, in violation of 18 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vii); count four for possession of a firearm equipped with a silencer in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(B)(ii); count five for felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1); and count six for possession of an unregistered National Firearms Act firearm, in violation of 26 U.S.C. § 5861(d). Dkt. No. 20.

On March 21, 2012, the government filed a superseding information charging defendant with one count of conspiracy to manufacture and distribute marijuana and one count of possession of a firearm in furtherance of a drug trafficking crime. Dkt. No. 137 at 1-2. On March 23, 2012, defendant entered into a binding plea agreement with the government pursuant to Federal Rules of Criminal Procedure 11(c)(1)(A) and 11(c)(1)(C), and pled guilty to both counts in the superseding information. Plea Agreement at 1-4. Under the terms of the plea agreement, defendant waived both his right to appeal and to collaterally attack his conviction and sentence, with the exception of preserving a claim that his constitutional right to effective assistance of counsel was violated during the negotiation of his plea agreement. *Id*. at 4. The parties agreed that a reasonable and

2

appropriate disposition of the case under the Sentencing Guidelines and 18 U.S.C. § 3553(a) was a sentence of 180 months imprisonment, followed by five years of supervised release. Dkt. No. 149 at 2-3. On June 22, 2012, defendant was sentenced according to the terms of the plea agreement. Dkt. No. 147. Defendant is currently incarcerated at Federal Correctional Institution Big Spring in Big Spring, Texas.

On June 5, 2013, defendant filed a *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, alleging that his counsel rendered ineffective assistance. In an order filed November 26, 2014, the Court denied that motion and denied a certificate of appealability. Dkt. No. 213. On December 9, 2015, the Ninth Circuit Court of Appeals denied a certificate of appealability. Dkt. No. 228.

On August 29, 2016, defendant filed a *pro se* motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the U.S.S.G. Dkt. No. 230. On September 12, 2016, U.S. Probation filed a Sentence Reduction Investigation Report that stated that because defendant's original sentence was the statutory mandatory minimum (120 months on Count One, mandatory 60 months consecutive sentence on Count II), defendant's sentence could not be reduced pursuant to 18 U.S.C. § 3582(c)(2). *See* Dkt. No. 232 at 2. For that reason, the U.S. Probation Office recommended against granting the motion. *Id.* In an order filed October 13, 2016, the Court denied defendant's motion to reduce the sentence.

**DISCUSSION**

Defendant's current motion requests that the Court grant him two days of credit for every day that he spent in pretrial detention at the Glenn E. Dyer detention facility in Oakland, California. According to defendant, he spent approximately 852 days in pretrial detention. Defendant contends that he should be provided double credit because the conditions at Glenn E. Dyer detention facility amounted to cruel and unusual punishment under the Eighth Amendment.

The government opposes defendant's motion on numerous grounds. The government asserts, *inter alia*, that because the Court has already sentenced defendant, any calculation of credit for time served is within the exclusive province of the Bureau of Prisons. *See United States*

*v. Peters*, 470 F.3d 907, 908 (9th Cir. 2006) (per curiam) (holding district courts lack authority to give credit for time served, while noting that district courts do have authority to *sentence* a defendant to time served); *see also Dillon v. United States*, 560 U.S. 817, 824 (2010) ("A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances.").

The Court concludes that defendant has not demonstrated a basis upon which this Court can grant the requested relief. The Court also notes that while defendant was at Glenn E. Dyer detention facility, he did not challenge the conditions at the facility, nor did defendant request double credit for the time spent in pretrial detention at the time of his sentencing in 2012. Defendant shall direct any future requests regarding the computation of time served to the Bureau of Prisons.

**IT IS SO ORDERED**.

Dated: May 23, 2017

_____
SUSAN ILLSTON
United States District Judge