UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>HUY TRINH,<br>Defendant. | Case No. 10-cr-00385-SI-1<br><br>**ORDER DENYING DEFENDANT TRINH'S MOTION FOR SENTENCE REDUCTION PURSUANT TO SECTION 404 OF THE FIRST STEP ACT**<br><br>Re: Dkt. No. 251 |

On May 2, 2019, defendant Huy Trinh filed a *pro se* motion seeking a reduction of his sentence pursuant to Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). Dkt. No. 251. For the reasons set forth below, the Court DENIES the motion.

**DISCUSSION**

On March 23, 2012, Trinh pled guilty to (1) count one for conspiracy to manufacture, to possess with intent to distribute, and to distribute marijuana, in violation of 18 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)(vii); and (2) count two for possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). On June 22, 2012, this Court sentenced Trinh to 180 months imprisonment, followed by five years of supervised release.

Pursuant to the Northern District of California's Miscellaneous Order 2019.01.25, the Court referred Trinh's First Step Act motion to the Office of the Federal Public Defender. On May 6, 2019, Office of the Federal Public Defender filed a statement stating that it had reviewed the motion and that the office did not seek appointment to represent Trinh with regard to the motion. Dkt. No. 252.

"Section 404 permits a federal district court to resentence a defendant based on the Fair Sentencing Act's revised statutory penalties for crack cocaine offenses." *United States v. Lewis*, No. CR 08-0057 JB, 2019 WL 1923047, at *22 (D.N.M. Apr. 30, 2019) (citing Section 404 of the First Step Act). Defendant is not eligible for a sentence reduction under the First Step Act because he was convicted of an offense involving marijuana, not crack cocaine. *See United States v. Drayton*, No. CR 10-20018-01-KHV, 2019 WL 464872, at *2 (D. Kan. Feb. 6, 2019) ("Section 404, however, applies to defendants who were sentenced for an offense involving crack cocaine that was committed before August 3, 2010. Defendant was convicted of an offense involving powder cocaine and marijuana. For these reasons, the Court lacks jurisdiction to reduce defendant's sentence under the First Step Act."); *see also United States v. Gonzalez-Oseguera*, No. CR 06-00593 HG-01, 2019 WL 1270916, at *2 (D. Haw. Mar. 19, 2019) (denying a First Step Act motion because the defendant was convicted of an offense involving methamphetamine). Accordingly, the Court DENIES defendant's motion for a sentence reduction pursuant to Section 404 of the First Step Act.

Defendant's May 2, 2019 filing also requests that the Court provide the following: (1) a copy of the docket sheet; (2) forms to file a motion pursuant to 28 U.S.C. § 2255; (3) forms to file *in forma pauperis*; (4) a court-appointed attorney; (5) forms to file a civil rights complaint pursuant to 42 U.S.C. § 1983; and (6) "whom is the current chief judge."

The Court directs the Clerk to mail defendant a copy of the docket in this case, and the Court informs defendant that the current Chief Judge of the Northern District of California is Judge Phyllis Hamilton.

With regard to defendant's request for a form to file a Section 2255 motion, the Court informs defendant that he previously filed a motion pursuant to 28 U.S.C. § 2255, Dkt. No. 161, which this Court denied, Dkt. No. 213, and both this Court and the Ninth Circuit denied a certificate of appealability. Dkt. Nos. 219, 228.[1] Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, defendant may not file a second or successive motion pursuant to Section 2255 unless he first applies to the appropriate court of appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. §§ 2244(b)(3), 2255(h). The Court has enclosed the Ninth

---

[1] Defendant has also filed two prior motions to reduce his sentence, both of which were denied. *See* Dkt. Nos. 234, 245.

Circuit's application for leave to file a second or successive motion pursuant to Section 2255. <u>Defendant may not file a Section 2255 motion in this Court unless he first receives permission from the Ninth Circuit to do so</u>. The Ninth Circuit has several different forms for proceeding *in forma pauperis* and requesting appointment of counsel, and defendant should request those forms from the Clerk of the Ninth Circuit Court of Appeals (or access them online at https://www.ca9.uscourts.gov/forms/pro_se_litigants.php).

The Court DENIES defendant's request for appointment of counsel in this case.

Finally, with regard to defendant's request for a form to file a civil rights complaint under 42 U.S.C. § 1983, the Court notes that defendant is an inmate at D. Ray James Correctional Institution in Georgia. The Court informs defendant that if he wishes to file a civil rights action under 42 U.S.C. § 1983 to challenge federal constitutional or statutory violations by state actors which affect the conditions of confinement, such a lawsuit must be filed in the appropriate district court in Georgia, not the Northern District of California. Accordingly, defendant should obtain the necessary forms from the Georgia federal courts.

**IT IS SO ORDERED**.

Dated: May 9, 2019

SUSAN ILLSTON
United States District Judge

3